UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JENNA A. MONROE,

        Plaintiff,

    v.                                        Case No. 10-cv-435-JPG

MIKE BROWN,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Jenna Monroe's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1) (2006). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. *Id*. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a motion to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

Here, it is very difficult for the Court to discern the merits of Monroe's Complaint (Doc. 2) due to an obvious lack of facts and law cited therein. Although the complaint does contain some specificity as to the underlying facts, certain key points are entirely ignored. For example, the Court is unaware of who Defendant Mike Brown is or the extent of his relationship with

1

Monroe.[1]  Likewise, the Court is unaware of what specific action has been taken by Brown against Monroe.[2]

Monroe also cites no legal basis for her claims or the relief sought thereunder.  While the Court is aware that Monroe is proceeding *pro se*, she must put forward at least some legal argument in support of her contentions.  See *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998).  This is because the Court is under no obligation to craft arguments or perform necessary legal research to cure substantive deficiencies. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990).

Simply put, until the abovementioned deficiencies are cured, the Court is highly doubtful as to the merits of Monroe's complaint.  For this reason, the Court **DENIES** the instant motion (Doc. 2) **without prejudice**.[3]  Further, the Court **ORDERS Monroe to file an amended complaint no later than July 16, 2010.**  For her amended complaint, Monroe may largely re-file the same complaint as that currently before the Court, but she should address the foregoing comments.

**IT IS SO ORDERED.**
**DATED: June 17, 2010**

                                                      s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**

---

[1] As best the Court can tell, Brown is Monroe's landlord.

[2] The complaint does mention that Brown has slandered and attempted to evict Monroe. However, when Monroe states that Brown "has done nothing" and "refuses to accept [Monroe and her son's] disabilities and is discriminating," (Doc. 1, p. 1) the Court is unaware of what Brown was supposed to be doing and/or how he engaged in such discrimination.

[3] The Court makes no determination as to whether Monroe is indigent.