UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JENNA A. MONROE,

    Plaintiff,

v.

MIKE BROWN,

    Defendant.

Case No. 10-cv-435-JPG

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on Plaintiff Jenna Monroe's second Motion for Leave to Proceed *in Forma Pauperis* (Doc. 10) and Motion for Extension of Time to Achieve Service of Process (Doc. 8).

    A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1) (2006). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. *Id*. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a motion to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

    Here, having reviewed Monroe's financial affidavit, there can be no question that she is indigent for purposes of § 1915(a)(1). Further, at present, it does not appear that Monroe's Amended Complaint (Doc. 4) is frivolous or malicious. Indeed, although the operative complaint

1

is hardly a model of clarity, Monroe has obviously heeded the Court's Memorandum and Order (Doc. 3) of June 17, 2010, by providing more specific factual allegations and citing several legal bases for relief.

Being fully advised of the premises, the Court **GRANTS** Monroe's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 10) without prepayment of fees and costs. The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may dismiss the case pursuant to § 1915(e)(2)(B)(i). Likewise, the Court **GRANTS** Monroe's Motion for Extension of Time to Achieve Service of Process, whereby the Court **ORDERS** Monroe to effectively serve Defendant Mike Brown by no later than May 20, 2011. Monroe may move for an extension of this time *before* May 20 if it is absolutely necessary; otherwise, her failure to serve Brown by that date shall result in dismissal of her claims without prejudice. Fed. R. Civ. P. 4(m).

If Monroe wishes the United States Marshal Service to serve process in this case, the Court **DIRECTS** her to provide to the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from Monroe and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of the summons, complaint and this order upon Brown in any manner consistent with Federal Rule of Civil Procedure 4, as directed by Monroe.

**IT IS SO ORDERED.**
**DATED: March 17, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**